# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

MICHELLE HERNANDEZ,
an individual,

     Plaintiff,

CASE NO.:

vs.

MACY'S, INC., a foreign corporation,
and CITIBANK, N.A., a foreign
corporation,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHELLE HERNANDEZ (*hereinafter,* "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MACY'S, INC. (*hereinafter,* "Defendant, Macy's"), a foreign corporation and CITIBANK, N.A. (*hereinafter,* "Defendant, CitiBank"), a foreign corporation, (*collectively,* "Defendants") for violation of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* (*hereinafter,* "TCPA").

## BRIEF INTRODUCTION

1.    This is an action for damages resulting from Defendants' relentless debt collection calls using an automated telephone dialing system (*hereinafter* "ATDS") and a pre-recorded voice (*hereinafter,* "robo-call").

2.      Both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[1] However, even where consent is provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[2]

3.      Under the TCPA, it is Defendants' burden to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute and that this consent was not revoked.

## PARTIES, JURISDICTION, AND VENUE

4.      Plaintiff is a natural person and citizen of the State of Florida.

5.      Defendant, CitiBank, N.A., is a foreign corporation with its principal place of business in New York, and is registered with the Florida Department of State as a foreign corporation.

6.      Defendant, Macy's, Inc., is a foreign corporation with its principal place of business in Ohio and is registered with the Florida Department of State as a foreign corporation.

7.      This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[3]

8.      Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendants' transact substantial business in Miami-Dade County, Florida, and the cause of action accrued in Miami-Dade County, Florida.

---

[1] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

[2] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

[3] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

## FACTUAL ALLEGATIONS

9.      In mid-2016, Plaintiff, fell on hard times and lost her job.

10.     On June 15, 2016, Ms. Hernandez received the first of several hundred auto-dialed and/or prerecorded calls from Defendant, Macy's.

11.     During the June 15, 2016, call, Plaintiff kindly instructed Macy's representative, Joel to stop calling her cell phone (*hereinafter*, "June 15th call").

12.     Plaintiff advised Defendant, Macy's that she had just lost her job and was in the hospital with her daughter; she then asked that collection attempts be made by mail.

13.     The representative replied, "ok I will make a note in the account."

14.     The June 15th call was recorded by both Macy's and Ms. Hernandez.

15.     Despite Plaintiff's express revocation, Defendant, Macy's continued to berate Plaintiff with auto-dialed and prerecorded, robo-calls to Plaintiff's cellphone.

16.     To be specific, Defendant, Macy's placed or caused to be placed nearly three-hundred (300) calls to her cellphone between June 15, 2016, and August 22, 2016.

17.     Plaintiff contends that she did not and has not expressly consented to Defendant, Macy's ATDS calls to her cellphone.

18.     Plaintiff also contends that did she not and has not expressly consented to Defendant, Macy's robo-calls calls to her cellphone.

19.     However, irrespective of any prior indicia of consent, it is well documented; that any such consent was expressly revoked.

20.     Furthermore, on August 5, 2016, Plaintiff, by and through her counsel, sent a Demand Letter to Defendant, Macy's indicating Plaintiff's intent to sue over the continued harassment (*hereinafter*, "Intent to Sue").

[1555015/1]

21.     Defendant, Macy's did not respond to Plaintiffs Intent to Sue.

22.     Instead, just days after Defendant, Macy's received Plaintiff's Intent to Sue, Defendant, CitiBank began calling Plaintiff's cellphone incessantly, asserting that the calls were on behalf of Macy's.

23.     Plaintiff contends that she did not and has not expressly consented to Defendant, CitiBank's ATDS calls to her cellphone.

24.     Plaintiff also contends that did not and has not expressly consented to Defendant, CitiBank's robo-calls calls to her cellphone.

25.     However, irrespective of any prior indicia of consent, it is well documented; that any such consent was expressly revoked.

26.     Defendant, CitiBank's wrongful calls, were caused, in-part, by the wrongful acts of Defendant, Macy's.

27.     All of Defendants' calls to Plaintiff's cellphone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

28.     None of Defendants' phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

29.     Defendants' telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

30.     Defendants' repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of her statutorily created right to be free from such continued intrusion.

31.     Upon information and belief, Plaintiff's experience is typical of that of other Defendants' customers, and that Defendants maintain a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

32.     Defendants willfully or knowingly violated the TCPA.

## COUNT I
## MACY'S VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

33.     Defendant, Macy's or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

34.     Defendant, Macy's continued and continues to make excessive and harrassing calls despite never having prior express consent.

35.     Defendant, Macy's continued and continues to make such calls despite Plaintiffs explicit demand to stop the improper calls.

36.     Defendant, Macy's willfully or knowingly violated the TCPA.

37.     As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(a) $500.00 dollars in statutory damages for each TCPA violation;

(b) $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

(c) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

(d) a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

(e) actual damages as provided for in the TCPA;

(f) reasonable litigation costs; and

(g) such other an further relief as the Court deems proper.

## COUNT II
## CITIBANK'S VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 32 as if fully set forth herein.

38.     Defendant, CitiBank, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

39.     Defendant, Citibank continued and continues to make such calls despite never having prior express consent.

40.     Defendant, CitiBank continued and continues to make such calls despite Plaintiffs explicit demand to stop the improper calls.

41.     Defendant, CitiBank willfully or knowingly violated the TCPA.

42.     As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

(h) $500.00 dollars in statutory damages for each TCPA violation;

(i) $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

(j) a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

(k) a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

(l) actual damages as provided for in the TCPA;

(m) reasonable litigation costs; and

(n) such other an further relief as the Court deems proper.

## <u>JURY TRIAL REQUEST</u>

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully Submitted this 23rd day of September, 2016, by:

**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781
Primary Email: jshaw@zpllp.com
Tertiary E-mail: mperez@zpllp.com

By:

JORDAN A. SHAW, ESQ.
Florida Bar No. 111771