# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MICHELLE HERNANDEZ,
an individual,

    Plaintiff,                                                CASE NO.:1:16-cv-24092-KMW

vs.

MACY'S, INC., a foreign corporation,
CITIBANK, N.A., a foreign
corporation, FDS BANK, an Ohio
corporation and MACY'S CREDIT
and CUSTOMER SERVICES, INC., a
foreign corporation,

    Defendants.

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL[1]

    Plaintiff, MICHELLE HERNANDEZ (*hereinafter,* "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, MACY'S, INC. (*hereinafter,* "Defendant, Macy's"), a foreign corporation, FDS BANK (*hereinafter,* "Defendant, FDS"), an Ohio corporation, MACY'S CREDIT and CUSTOMER SERVICES, INC. (*hereinafter,* "Defendant, Macy's Credit"), a foreign profit corporation, and CITIBANK, N.A. (*hereinafter,* "Defendant, CitiBank"), a foreign corporation, for violation of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq*. (*hereinafter,* "TCPA"), Florida Consumer Collections Practices Act, Fla. Stat. 559.72(7) (*hereinafter,* "FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (*hereinafter* "FDCPA").

---

[1] Plaintiff amends Complaint to reflect two (2) additional Defendants, FDS Bank and Macy's Credit and Customer Services, Inc.

## **BRIEF INTRODUCTION**

### A. *Telephone Consumer Protection Act ("TCPA")*

1. This is an action for damages resulting from Defendants' relentless debt collection calls using an automated telephone dialing system (*hereinafter* "ATDS") and a pre-recorded voice (*hereinafter,* "robo-call").

2. Both ATDS and robo-calls are unlawful when made to a cellphone, unless made with the recipient's prior express-written-consent.[2] However, even where consent is provided, the call recipient has the absolute right to revoke consent by any reasonable means, this includes oral revocation.[3]

3. Under the TCPA, it is Defendants' burden to demonstrate that Plaintiff provided her prior express consent within the meaning of the statute and that consent was not revoked.

### B. *Fair Debt Collection Practices Act ("FDCPA")*

4. Congress enacted the Fair Debt Collection Practices Act (FDCPA), U.S.C. § 1692 et. seq, to eradicate the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692.

5. The FDCPA applies to *debt collectors*, not original creditors.

6. Under the FDCPA, the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mail in any business, the principal purpose of

---

[2] *See In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012); 47 U.S.C. § 227(b)(1)(A)(iii); *see also* 47 C.F.R. § 64.1200(a)(2.

[3] *See In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* ¶ 64, CG Docket No. 02-278, WC Docket No. 07-135, 2015 WL 4387780, ___ F.C.C. ___ (July 10, 2015); *Coniglio v. Bank of Am., N.A.*, No. 8:14-cv-01628-EAK-MAP, 2014 U.S. Dist. LEXIS 149764, 2014 WL 5366248, at *3 (M.D. Fla. 2014) citing *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1255 (11th Cir. 2014)

which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7. The term Debt Collector also includes any creditor who, in the process of collecting his own debts, *uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .*

8. The FDCPA, §1692 states, in pertinent part:

> **15 U.S.C §1692(e)**
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . . .The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.
>
> **15 U.S.C §1692(j)**
> (a) It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.
>
> (b) Any person who violates this section shall be liable to the same extent and in the same manner as a debt collector is liable under section 1692k of this title for failure to comply with a provision of this subchapter.

C. *Florida Consumer Collection Practices Act ("FCCPA")*

9. The Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. 559.72 et. seq, was adopted to reinforce the consumer rights established by federal law for individuals who owe money to others.

10. Importantly, unlike the FDCPA, the FCCPA applies to all persons trying to collect consumer debts, this includes original creditors and debt collectors.

11. The FCCPA, §559.72(18), states, in pertinent part:

In collecting consumer debts, no person shall:

> Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

## PARTIES, JURISDICTION, AND VENUE

12. Plaintiff is a natural person and citizen of the State of Florida.

13. At all times material hereto, Plaintiff was a "person" as defined by 47 U.S.C. § 153(39).

14. At all times material hereto Plaintiff was a "consumer" as defined by the Florida Consumer Collections Practices Act ("FCCPA") and the Fair Debt collection Practices Act ("FDCPA") who incurred the below described debt for personal, family or household services.

15. Defendant, CitiBank, N.A., is a foreign corporation with its principal place of business in New York, and is registered with the Florida Department of State as a foreign corporation.

16. At all times material hereto Defendant, CitiBank was a "debt collector" as contemplated by the FCCPA and FDCPA, and engaged in the regular collection of debts using the mail and/or telephone.

17. Defendant, Macy's, Inc., is a foreign corporation with its principal place of business in Ohio and is registered with the Florida Department of State as a foreign corporation.

18. At all times material hereto Defendant, Macy's, Inc., was a "debt collector" as contemplated by the FCCPA and FDCPA, and engaged in the regular collection of debts using the mail and/or telephone.

19. Defendant, FDS Bank, is an Ohio corporation with its principal place of business in Ohio and is registered with the Ohio Department of State as a corporation.

20. At all times material hereto Defendant, FDS Bank was a "debt collector" as contemplated by the FCCPA and FDCPA, and engaged in the regular collection of debts using the mail and/or telephone.

21. Defendant, Macy's Credit and Customer Services, Inc., is a foreign corporation with its principal place of business in Ohio and is registered with the Florida Department of State as foreign corporation.

22. At all times material hereto Defendant, Macy's Credit and Customer Services, Inc., was a "debt collector" as contemplated by the FCCPA and FDCPA, and engaged in the regular collection of debts using the mail and/or telephone.

23. This Court has federal question jurisdiction because this case arises out of violations of federal laws: 28 U.S.C. § 1331 and 47 U.S.C. § 227(b).[4]

24. Venue is proper in this Court pursuant to 18 U.S.C. § 1391(b)(2) because Defendants' transact substantial business in Miami-Dade County, Florida, and the cause of action accrued in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

A. **GENERAL ALLEGATIONS**

25. In mid-2016, Plaintiff, fell on hard times and lost her job.

26. On June 15, 2016, Plaintiff received the first of several hundred auto-dialed and/or prerecorded calls from an entity identifying itself as "Macy's Credit Services" (*hereinafter,* "June 15th call").

---

[4] *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

27. The representative, Joel, stated that he was from "Macy's Credit Services" and he was calling about Plaintiff's "Macy's card."

28. The representative was attempting to collect a debt (*hereinafter* "the Debt").

## B. TCPA ALLEGATIONS

### a. *Macy's Inc., Macy's Credit Services, and FDS Bank's TCPA Violations.*

29. During the June 15th call, Plaintiff instructed the representative to stop calling her cell phone.

30. Specifically, Plaintiff kindly and clearly stated that she had just lost her job and was in the hospital with her daughter; she then asked that collection attempts be made by mail.

31. The representative replied, "okay I will make a note in the account" and even stated, "I hope your daughter feels better," acknowledging that he heard and understood Plaintiff's express demands.

32. The June 15th call was recorded by both the caller and Ms. Hernandez.

33. Despite Plaintiff's express revocation, Plaintiff was continually berated with auto-dialed and prerecorded, robo-calls to her cell phone from an entity claiming to be Macy's Credit Services on behalf of Macy's.

34. In spite of representations that the calls were from Macy's and Macy's Credit Services, Defendant, Macy's Inc., claims that these calls were made by an "indirect subsidiary" of Macy's, Inc., Defendant, FDS Bank.

35. Therefore, FDS Bank, placed or caused to be placed nearly three-hundred (300) calls to Plaintiff's cellphone between June 15, 2016, and August 22, 2016—that's nearly five (5) calls per day.

36. But also, Macy's Inc., and Macy's Credit and Customer Service placed or caused to be placed nearly three-hundred (300) calls to Plaintiff's cellphone between June 15, 2016, and August 22, 2016.

37. Plaintiff contends that she has not expressly consented to ATDS calls to her cellphone from any of the Defendants.

38. Plaintiff also contends that she has not expressly consented to the robo-calls calls to her cellphone from any of the Defendants.

39. However, notwithstanding any prior indicia of consent, it is well documented that any such consent was expressly revoked on June 15, 2016.

    b. *<u>Citibank's TCPA Violations</u>.*

40. Furthermore, on August 5, 2016, Plaintiff, by and through her counsel, sent a Demand Letter to Defendant, Macy's Credit and Customer Service indicating Plaintiff's Intent to Sue over the continued harassment (*hereinafter,* "Intent to Sue"). *See* Exhibit "A" attached hereto.

41. None of the Macy's Entities responded to the Intent to Sue letter.

42. Instead, just days after Defendant, Macy's Credit and Customer Service received Plaintiff's Intent to Sue, Defendant, CitiBank began calling Plaintiff's cellphone incessantly, stating that the calls were on behalf of Macy's.

43. Plaintiff contends that she did not and has not expressly consented to Defendant, CitiBank's ATDS calls to her cellphone.

44. Plaintiff also contends that did not and has not expressly consented to Defendant, CitiBank's robo-calls calls to her cellphone.

45. However, regardless of any prior indicia of consent, it is well documented that any such consent was expressly revoked; both orally and in writing at this point

### c. *Robo-Calls and ATDS*

46. All Defendants' calls to Plaintiff's cellphone were made using an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

47. None of Defendants' phone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

48. Defendants' telephone calls to Plaintiff's cellphone, which were placed through the use of an "artificial or prerecorded voice," or through an "automatic telephone dialing system" for non-emergency purposes, and in the absence of Plaintiff's prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

49. Defendants' repeated calls were time consuming and harassing to Plaintiff, and deprived Plaintiff of her statutorily created right to be free from such continued intrusion.

50. Upon information and belief, Plaintiff's experience is typical of that of other Defendants' customers, and that Defendants maintain a coordinated program of calling customers using an "automatic telephone dialing system" and/or "an artificial or prerecorded voice."

51. Defendants willfully or knowingly violated the TCPA.

### C. *FDCPA Allegations*

52. Here, Defendants, collectively, engaged in the precise type of conduct that the FDCPA seeks to eradicate.

53. Specifically, Plaintiff received calls from an entity that identified itself as "Macy's Credit Services" regarding her "Macy's Credit card."

54. Furthermore, Plaintiff then began receiving calls from Defendant which also stated that the calls were on behalf of Macy's.

55. However, based on Defendant's Corporate Ownership Statement [DE 8], and Defendants assertions, the original creditor of the debt is Defendant, FDS Bank—not Macy's, Inc., Macy's Credit and Customer Services, Inc. or Citibank.

56. Yet, not one of the calls mentioned the actual creditor, FDS Bank.

57. Thus, based on Defendants' actions, Plaintiff would have had no idea which entity was actually attempting to collect a debt, and to which entity the debt was allegedly owed.

58. Again, this is precisely the type of deceptive collection activities the FDCPA seeks to eradicate.

   D. *FCCPA Allegations*

59. As is clear from the previous allegations, Defendants, acting alone and in cooperatively, contacted Plaintiff at least three-hundred (300) times in an approximately sixty (60) days, and that is only after Plaintiff kindly demanded Defendants to stop calling her.

## COUNT I
## MACY'S, INC'S VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

60. Defendant, Macy's or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

61. Defendant, Macy's continued and continues to make such call despite never obtaining prior express consent.

62. Defendant, Macy's continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

63. Defendant, Macy's willfully or knowingly violated the TCPA.

64. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. $500.00 dollars in statutory damages for each TCPA violation;

b. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

c. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

d. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

e. actual damages as provided for in the TCPA;

f. reasonable litigation costs; and

g. such other an further relief as the Court deems proper.

## COUNT II
## FDS BANK'S VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

66. Defendant, FDS Bank, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

67. Defendant, FDS Bank continued and continues to make such calls despite never obtaining prior express consent.

68. Defendant, FDS Bank continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

69. Defendant, FDS Bank willfully or knowingly violated the TCPA.

70. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

h. $500.00 dollars in statutory damages for each TCPA violation;

i. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

j. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

k. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

l. actual damages as provided for in the TCPA;

m. reasonable litigation costs; and

n. such other an further relief as the Court deems proper.

### COUNT III
### MACY'S CREDIT AND CUSTOMER SERVICES, INC'S
### VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 51 as if fully set forth herein.

71. Defendant, Macy's Credit and Customer Services, Inc., or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

72. Defendant, Macy's Credit and Customer Services, Inc., continued and continues to make such calls despite never obtaining prior express consent.

73. Defendant, Macy's Credit and Customer Services, Inc., continued and continues to make such calls despite Plaintiffs explicit demand to stop the improper calls.

74. Defendant, Macy's Credit and Customer Services, Inc., willfully or knowingly violated the TCPA.

75. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

o. $500.00 dollars in statutory damages for each TCPA violation;

p. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

q. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

r. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

s. actual damages as provided for in the TCPA;

t. reasonable litigation costs; and

u. such other an further relief as the Court deems proper.

## COUNT IV
## CITIBANK'S VIOLATIONS OF THE TCPA

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

76. Defendant, CitiBank, or others acting on its behalf, placed non-emergency phone calls to Plaintiff's cellphone using an automatic telephone dialing system, and pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

77. Defendant, Citibank continued and continues to make such calls despite never obtaining prior express consent.

78. Defendant, CitiBank continued and continues to make such calls despite Plaintiff's explicit demand to stop the improper calls.

79. Defendant, CitiBank willfully or knowingly violated the TCPA.

80. As a result, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

v. $500.00 dollars in statutory damages for each TCPA violation;

w. $1,500.00 dollars in statutory damages for each knowing or willful TCPA violation;

x. a declaratory judgment that Defendant has violated Plaintiff's rights under the TCPA;

y. a permanent injunction prohibiting Defendant from placing non-emergency phone calls to Plaintiff's cellphone using an ATDS or pre-recorded and/or artificial voice;

z. actual damages as provided for in the TCPA;

aa. reasonable litigation costs; and

bb. such other an further relief as the Court deems proper.

## COUNT V
## FDS BANK'S VIOLATION OF THE FDCPA §1692(j)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

81. Defendant, FDS Bank, corresponded with Plaintiff and falsely stated that it was Macy's Credit Services, knowing that it would create the false belief in Plaintiff that an entity other than Plaintiff's Creditor, FDS Bank, was participating in the collection of a debt such consumer allegedly owes such creditor, when in fact such entity is not so participating.

82.     Defendant, therefore, has violated the FDCPA, 15 USC §1692(c) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

cc. $1,000.00 dollars in statutory damages for violation of the FDCPA;

dd. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

ee. attorney's fees and litigation costs; and

ff. such other and further relief as the Court deems proper.

## COUNT VI
## FDS BANK'S VIOLATION OF THE FDCPA §1692(e)(14)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

83.     Defendant, FDS Bank, corresponded with Plaintiff and falsely and misleadingly used the name Macy's Credit Services, a name other than the true name of the debt collector's business, company, or organization, to collect a debt.

84.     Defendant, therefore, has violated the FDCPA, 15 USC §1692(c) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

gg. $1,000.00 dollars in statutory damages for violation of the FDCPA;

hh. actual damages, including, without limitation, damages for mental anguish resulting

    from Defendant's statutory violations;

ii. attorney's fees and litigation costs; and

jj. such other and further relief as the Court deems proper.

## COUNT VII
## CITIBANK'S VIOLATION OF THE FDCPA §1692(j)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

85. Defendant, CitiBank, corresponded with Plaintiff stating that it was calling on behalf of Macy's, knowing that it would create the false belief in Plaintiff that an entity other than Plaintiff's creditor, FDS Bank, was participating in the collection of a debt such consumer allegedly owes such creditor, when in fact such entity is not so participating.

86. Defendant, therefore, has violated the FDCPA, 15 USC §1692(c) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

kk. $1,000.00 dollars in statutory damages for violation of the FDCPA;

ll. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

mm. attorney's fees and litigation costs; and

nn. such other and further relief as the Court deems proper.

## COUNT VIII
## CITI BANK,S VIOLATION OF THE FDCPA §1692(e)(14)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

87. Defendant, Citi Bank, corresponded with Plaintiff and falsely and misleadingly used the name Macy's Credit Services, a name other than the true name of the debt collector's business, company, or organization, to collect a debt.

88. Defendant, therefore, has violated the FDCPA, 15 USC §1692(c) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

oo. $1,000.00 dollars in statutory damages for violation of the FDCPA;

pp. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

qq. attorney's fees and litigation costs; and

rr. such other and further relief as the Court deems proper.

## COUNT IX
## MACY'S VIOLATION OF THE FCCPA §559.72(7)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

89. By calling Plaintiff's cellphone approximately three-hundred (300) times in approximately sixty (60) days, Defendant, Macy's willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

90. Defendant, therefore, has violated the FCCPA, Fla. Stat. 559.72(7) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees

and costs.

      **WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

ss. $1,000.00 dollars in statutory damages for violation of the FCCPA;

tt. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

uu. attorney's fees and litigation costs; and

vv. such other and further relief as the Court deems proper.

## COUNT X
## MACY'S CREDIT SERVICES VIOLATION OF THE FCCPA §559.72(7)

      Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

91.     By calling Plaintiff's cellphone approximately three-hundred (300) times in approximately sixty (60) days, Defendant Macy's Credit Services willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

92.     Defendant, therefore, has violated the FCCPA, Fla. Stat. 559.72(7) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

      **WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendants for:

ww. $1,000.00 dollars in statutory damages for violation of the FCCPA;

xx. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

yy. attorney's fees and litigation costs; and

zz. such other and further relief as the Court deems proper.

## COUNT XI
## FDS BANK'S VIOLATIONS OF THE FCCPA §559.72(7)

Plaintiff reaffirms, realleges, and incorporates by reference Paragraphs 1 through 59 as if fully set forth herein.

93. By calling Plaintiff's cellphone approximately three-hundred (300) times in approximately sixty (60) days, Defendant, FDS Bank willfully communicated with Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

94. Defendant, therefore, has violated the FCCPA, Fla. Stat. 559.72(7) and is liable to Plaintiff for statutory damages of $1,000.00 per culpable Defendant, together with attorney's fees and costs.

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

aaa. $1,000.00 dollars in statutory damages for violation of the FCCPA;

bbb. actual damages, including, without limitation, damages for mental anguish resulting from Defendant's statutory violations;

ccc. attorney's fees and litigation costs; and

ddd. such other and further relief as the Court deems proper.

## JURY TRIAL REQUEST

Plaintiff respectfully requests a jury trial on all issues so triable.

Respectfully submitted this 20th day of December, 2016, by:

**ZEBERSKY PAYNE, LLP**
110 S.E. 6th Street, Suite 2150
Ft. Lauderdale, Florida 33301
Telephone: (954) 989-6333
Facsimile: (954) 989-7781

        Primary Email: jshaw@zpllp.com
        Tertiary E-mail: mperez@zpllp.com


    By:    <u>/s/Jordan A. Shaw</u>
        JORDAN A. SHAW, ESQ.
        Florida Bar No. 111771